UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEEBA SCOTT HARRIS,

                Plaintiff,

-against-

RAYMOND TONKIN; CRAIG LOWE, *et al.*,

                Defendants.

21-CV-1246 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently detained in the Norristown State Hospital located in Norristown, Pennsylvania, brings this *pro se* action under 42 U.S.C. § 1983, alleging that she is falsely imprisoned in the hospital which is located in Montgomery County, Pennsylvania. For the following reasons, this action is transferred to the United States District Court for the Eastern District of Pennsylvania.

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

    Plaintiff seeks to have this Court "immediately restrain Plaintiff false imprisonment at Norristown States Hospital, in the unauthorized custody of Defendant Jessica Keith."[1] Because

---

[1] The Court notes that Jessica Keith is not named as a Defendant in the caption of Plaintiff's complaint. The Court further notes that Plaintiff may also be seeking to assert claims

Plaintiff does not allege that any Defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Montgomery County, which is in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). Accordingly, venue lies in the Eastern District of Pennsylvania, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of Pennsylvania, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of Pennsylvania. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  February 16, 2021
        New York, New York

                                            COLLEEN McMAHON
                                            Chief United States District Judge

---

regarding a pending criminal matter in Pike County, Pennsylvania, and it appears that she has filed actions in the United States District Court for the Middle District of Pennsylvania. (*See* ECF No. 2 at 1.)