UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEEBA SCOTT HARRIS,

                Plaintiff,

-against-                      21-CV-1246 (CM)

PIKE COUNTY COURT OF COMMON        ORDER
PLEAS; UNAUTHORIZED PERSON
HAVING CUSTODY OF PETITIONER,

                Defendants.

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On February 16, 2021, the Court transferred the matter to the United States District Court for the Eastern District of Pennsylvania. (ECF No. 3.) On March 4, 2021, the Court received from Plaintiff a motion requesting that the Court reconsider its February 16, 2021 order. (ECF No. 4.) On March 10, 2021, Plaintiff filed a "Petition to add the Pennsylvania Attorney General, Temporary Restraining Order And/or Preliminary Injunction." (ECF No 5.) Because this Court no longer has jurisdiction over the action, Plaintiff must make any motion challenging the transfer order in the Eastern District of Pennsylvania. All other requests must also be made in the Eastern District of Pennsylvania.

**DISCUSSION**

      The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995).

The Court directed that this matter be transferred to the Eastern District of Pennsylvania on February 16, 2021, and the Clerk of Court electronically transferred the case to the Eastern District of Pennsylvania on the same date. Plaintiff filed the motion seeking reconsideration approximately two weeks later. Because this Court no longer has jurisdiction over the action, if Plaintiff wishes to challenge the transfer, she must do so in the Eastern District of Pennsylvania. Any other relief that Plaintiff seeks must also be requested in the Eastern District of Pennsylvania. The Court denies Plaintiff's request for reconsideration of the order transferring this action.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's request for reconsideration (ECF No. 4) is denied. All other pending matters (ECF No. 5) are terminated. The Clerk of Court is also directed not to accept any further submissions under this docket number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 16, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge